UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELDRED B. HARDY,

v.   Case No. 8:05-cr-44-T-24TBM
         8:08-cv-1162-T-24TBM

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant Eldred Hardy's amended 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence (hereinafter "motion to vacate" or "motion"). (Doc. No. cv-4; cr-357). Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. *See* 28 U.S.C. § 2255.

Background

On June 29, 2005, Hardy was charged in a Second Superseding Indictment[1] with conspiracy to possess with intent to distribute, and to distribute, more than 5 kilograms of

---

[1] The Second Superseding Indictment contained eleven counts.

cocaine and more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(ii) and 841(b)(1)(A)(iii) (Count One); possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Eight); and possession with intent to distribute cocaine base, in violation 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) (Count Nine). (Doc. cr-122, cr-282). After trial, the jury found Hardy guilty of counts one, eight, and nine. (Doc. cr-223).

On November 14, 2005, the Court sentenced Hardy to life imprisonment as to count one; three hundred and sixty months as to count eight; and three hundred sixty months as to count nine, with all sentences to run concurrent with each other. (Doc. cr-282 at p. 2; cr-310 at p. 11). The original and superseding indictments were dismissed on motion of the United States. Judgment was entered that same day, November 14, 2005. (Doc. cr-282).

On November 15, 2005, Hardy filed a Notice of Appeal. (Doc. cr-285). On May 29, 2007, the United States Court of Appeals for the Eleventh Circuit affirmed Hardy's conviction and sentence. (Doc. cr-349).

On June 16, 2008, Hardy timely filed his original motion to vacate, and on June 27, 2008, Hardy filed his court-ordered amended motion to vacate on which he is proceeding. (Doc. cv-4; cr-357). Hardy raises three grounds for relief in his motion to vacate.

## Discussion

### Ground One

Hardy contends that the district court was without jurisdiction to impose an enhanced sentence under the mandatory provision of the Sentencing Reform Act of 1984, Title 18 U.S.C. § 3553(b)(1) and 18 U.S.C. § 3742(e) because:

it violated the 5th and 6th Amendment to the constitution and laws of the United States. On January 12, 2005, the Supreme court declared the Sentencing Reform Act of 1984 unconstitutional in *U.S. v. Booker*, 543 U.S. 220, 150 L.Ed. 621, 125 S.Ct. 738 (2005), [sic] the Supreme Court held "(1) that Title 18 U.S.C. § 3553(b)(1) which makes the federal sentencing guidelines mandatory is incompatible with the requirements of the 6th Amendment.

(Motion, Doc. 4 at p. 5).

In his memorandum, Hardy claims:

On November 14, 2005, the district court adopted the report and recommendation of the United States Probation Officer's Pre-Sentence Investigation Report. The PSI Report contained numerous state cases that the government failed to prove to a jury beyond a reasonable doubt that the movant was or is in fact the individual identified in the prior convictions.

. . . .

. . . . [the state convictions] were all illegally used without a jury verdict beyond a reasonable doubt to enhance movant's sentence to an incorrect application of the United States Sentencing Guideline Criminal History Category Range VI and a Criminal History Score of 13 points, with a base offense level of 42, and classified movant as a career offender under § 4B1.1 with a base offense level of 37, and imposed a mandatory statutory maximum term of life imprisonment under § 5G1.1(c)(2), pursuant to Title 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii); § 846 and § 841(b)(1)(A)(iii) Conspiracy to Possess with Intent to Distribute, and to Distribute More than 5 kilograms of cocaine and More than 50 grams of cocaine base for Count One. And Title 21 U.S.C. § 841(a)(1), and § 841(b)(1)(C) Possession with Intent to Distribute Cocaine Base for Count Eight and Title 21 U.S.C. § 841(a)(1) and § 841(b)(1)(c) Possession with Intent to Distribute cocaine Base for Count Nine of the Federal Grand Jury Indictment. Neither did the grand jury invoke Title 18 U.S.C. § 924(e)(1) statutory penalty provision authorizing the court to impose career offender enhancement under the guidelines.

Had the court been reasonable and considered the government's failure to meet its burden of proof beyond a reasonable doubt, that movant was the person identified in the prior convictions, and without the jury's determination, the prior convictions did not qualify under Title 18 U.S.C. § 3559(H).

(Memorandum attached to Motion To Vacate, unnumbered page)

3

Hardy's claims based on *United States v. Booker*, 543 U.S. 220 (2005) have no merit because *Booker* is not retroactive on collateral attack. *See Varela v. United States*, 400 F.3d 864, 868 (11th Cir.), *cert. denied*, 546 U.S. 924 (2005); *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005); *McCoy v. United States*, 266 F.3d 1245 (11th Cir. 2001), *cert. denied,* 536 U.S. 906 (2002). *See also, Ortiz v. United States*, 270 Fed. Appx. 862 (11th Cir. 2008).

Furthermore, Hardy's claims that the district court did not have jurisdiction to impose an enhanced sentence based on prior convictions that were not proven to the jury beyond a reasonable doubt are foreclosed by *Booker.* In *Almendarez-Torres v. United States*, 523 U.S. 224(1998), the Supreme Court "held that the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." *United States v. Marseille*, 377 F.3d 1249, 1257 (11th Cir.2004) (citation omitted). In *Booker,* the Supreme Court reaffirmed its holding that a district court does not err by relying on prior convictions that have not been proven to a jury to enhance a defendant's sentence. 543 U.S. at 244. Other circuits, post-*Booker,* also have recognized that enhancements for prior convictions are for the judge, not the jury, to determine. *See, e.g., United States v. Barnett,* 398 F.3d 516, 525 (6th Cir. 2005) ("[T]here is no language in *Booker* suggesting that the Supreme Court, as part of its remedial scheme adopted in that case, intended to alter the exception to *Apprendi* allowing district courts to consider the fact and nature of prior convictions, without submitting those issues to the jury."); *United States v. Vieth*, 397 F.3d 615, 620 (8th Cir.2005) ( "As to the enhancement for a prior conviction, the Supreme Court has consistently said that the fact of a prior conviction is for

the court to determine, not the jury.").

Because *Booker* does not apply retroactively on collateral attack, and because the "fact of a prior conviction is for the court," and not the jury to determine, ground one does not merit relief.

### Ground Two

Hardy claims that his conviction for counts eight and nine for possession with intent to distribute cocaine base violated his right to be free from double jeopardy. In his memorandum he contends that he is actually innocent of counts eight and nine because "to return a verdict of guilt to counts eight and nine for the same offense charged in count one constitutes double jeopardy and unlawful statutory construction of Title 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) and the conviction is void." This claim has no merit.

The Double Jeopardy Clause of the Fifth Amendment prevents placing an individual twice in jeopardy for the same offense. In *Blockberger v. United States*, 284 U.S. 299, 304, (1932), the Supreme Court held that, for Double Jeopardy purposes, two offenses are different if "each provision requires proof of an additional fact which the other does not."

In Hardy's case, the conspiracy count requires proof of an additional fact that counts eight and nine do not require. In a conspiracy to distribute or to possess with intent to distribute a controlled substance, neither actual possession nor actual distribution is a necessary element of the crime; **but an agreement is necessary**. Comprehensive Drug Abuse Prevention and Control Act of 1970, §§ 401(a)(1), 406, 21 U.S.C.A. §§ 841(a)(1), 846. The Government is not required to prove an overt act to prove a drug conspiracy. *See United States v. Harriston,* 329 F.3d 779 (11th Cir. 2003); *United States v. Diaz*, 190 F.3d 1247 (1999).

5

To support a conviction for possession with intent to distribute under 21 U.S.C. § 841(a)(1), the government "must prove (1) knowing (2) possession of a controlled substance (3) with intent to distribute it." *United States v. Farris*, 77 F.3d 391, 395 (11th Cir.1996).  There is no requirement of an **agreement.**

One might be guilty of the substantive crime of distribution without being guilty of possessing cocaine, for instance in brokering sales between the persons who actually possess the cocaine and the buyers. One might be guilty of possessing cocaine with intent to distribute without any actual distribution. Possession is a necessary element of the first crime, distribution a necessary element of the second. In a conspiracy, however, neither actual possession nor actual distribution is a necessary element of the crime. Only an agreement is necessary.

In ground one, the jury found Hardy guilty of **conspiracy** to possess with intent to distribute, and to distribute, more than 5 kilograms of cocaine and more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(ii) and 841(b)(1)(A)(iii).  In grounds eight and nine, the jury found Hardy guilty of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Eight).(Doc. cr-122, cr-282).

In Hardy's case, count one required proof of an additional fact, an agreement, which counts eight and nine did not. Therefore, Hardy was not placed twice in jeopardy for the same offense.  *See Blockberger v. United States*, 284 U.S. 299, 304, (1932).

Ground two does not warrant relief.

## Ground Three

Hardy claims that he is being held in unlawful confinement "due to lack of subject-matter jurisdiction in violation of the Fourth Amendment right against unreasonable seizure [of his person]." In his memorandum, he states:

> Whether movant is being held in unlawful imprisonment due to lack of subject matter jurisdiction in violation of the Forth [sic] Amendment right against unreasonable seizure and no warrant shall issue, but upon probable cause, supported by oath and Fifth Amendment right not to be held to answer for a capital or infamous crime unless on an indictment of a Grand Jury guaranteed by the U.S. Constitution and Fed. Rules Criminal Procedure Rule 3, 4, and 5.

Hardy alleges that the

> . . . government failed to secure a federal criminal complaint filed with affidavits describing the person dead or seriously injured [sic] nor the specific quantity of drugs allegedly conspired and possessed with intent to distributed [sic] or the prior convictions charging Habitual Offender (Career Offender) under Title 21 U.S.C. § 841(a)(1)(b)(1)(A)(ii)(iii)(c), and identifying the movant as committing the crime upon oath before a Magistrate Judge showing probable cause. There was no arrest warrant signed by a Magistrate Judge identifying with reasonable certainty movant as committing the crime charged. Nor did the grand jury return one filed in open court while in session.

Hardy's claim has no merit because a Grand Jury Indictment was returned in open court on February 9, 2005. (Doc. cr-1) A first superseding Indictment was returned in open court on March 30, 2005 (Doc. cr-26), and a second superseding Indictment was returned in open court on June 29, 2005 (Doc. cr-122). An arrest warrant was issued on the superseding indictment on March 30, 2005. After a detention hearing, the United States Magistrate Judge entered an "Order of Detention Pending Trial" (Doc. cr-73) in which he stated that there was probable cause to believe that Hardy had committed an offense for which the maximum term of imprisonment of ten years or more was prescribed in Title 21, United States Code, Sections 841(a)(1) and 846. (Doc. cr-73 ). On March 30, 2005, an

arrest warrant was issued. (Doc. cr-75). Subsequently, on July 14, 2005, the United States Magistrate Judge arraigned Hardy on the second superseding indictment. (Doc. cr-168).

Hardy's claim that he is being held in unlawful imprisonment in violation of the Fourth Amendment fails. The Indictment under which he was tried and found guilty was returned in open court and the United States Magistrate Judge found probable cause to issue a detention warrant for Hardy's arrest.

Ground three does not warrant relief.

**Accordingly, the Court orders:**

That Hardy's motion to vacate (Doc. cv-4; cr-357) is denied. The Clerk is directed to enter judgment against Hardy in the civil case and to close that case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these

circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on July 31, 2008.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

AUSA: Christopher Tuite
Pro se: Eldred B. Hardy